# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVEN MYSZKA, on behalf of himself and all others similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Judge ) ) Case No. |
| v. | ) ) |
| NATIONAL COLLEGIATE SCOUTING ASSOCIATION, INC. | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Steven Myszka, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys and for his Complaint against Defendant National Collegiate Scouting Association, Inc. ("NCSA" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay non-exempt scout coordinators ("Scout Coordinators"), overtime wages.

2. Defendant is in the business of marketing web-based software through which prospective college athletes may be matched with collegiate athletic programs and coaches. Defendant employs over 100 persons as Scout Coordinators in Illinois.

3. Plaintiff and persons similarly situated to him are current and former Scout Coordinators, who are responsible for communicating with prospective customers and scheduling meetings for those customers with "Scouts," who ultimately work to sell those customers access to Defendant's web-based software.

4. Defendant pays its Scout Coordinators a weekly guaranteed salary. Scout Coordinators are also eligible to earn commissions.

5. Scout Coordinators are eligible to earn commissions based upon the number of meetings they schedule and the sales ultimately generated by other employees of Defendant.

6. Defendant does not pay Scout Coordinators overtime pay when they work time in excess of forty (40) hours in individual work weeks.

7. Defendant failed to comply with the overtime provisions of Section 7 of the FLSA.

8. Defendant failed to comply with the overtime provisions of Section 105/4a of the IMWL.

9. Plaintiff brings his FLSA claim as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit A.

10. Plaintiff brings his IMWL claim as a class action under Fed. R. Civ. P. 23.

**THE PARTIES**

11. Plaintiff Steven Myszka resides in and is domiciled in Cook County, Illinois.

12. Within the last three years, Plaintiff was employed by Defendant as a Scout Coordinator at Defendant's Chicago, Illinois corporate headquarters.

13. Defendant NCSA is a Delaware corporation.

14. Defendant NCSA's principal place of business is located in Chicago, Illinois, within this judicial district.

15. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. §203(d).

16. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(d).

17. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

18. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

19. Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. §203(d).

20. Defendant was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

21. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

22. Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

23. In the course of his employment by Defendant, Plaintiff was engaged in interstate commerce.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 23 of this Complaint.

24. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiff at a rate of one and one half times his regular rate of pay.

25. Plaintiff was directed by Defendant to work, and worked, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

26. Plaintiff was not paid according to a "bona fide commission payment plan," as that term is defined by 29 C.F.R. § 779.416(c).

27. Other Scout Coordinators were not paid according to a "bona fide commission payment plan," as that term is defined by 29 C.F.R. § 779.416(c).

28. Plaintiff worked in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

29. Other Scout Coordinators worked in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

30. Within the last three (3) years, Defendant did not pay Scout Coordinators overtime wages for the time they worked in excess of forty (40) hours in one or more individual work weeks.

31. Defendant did not pay Plaintiff overtime wages.

32. Defendant did not pay other Scout Coordinators overtime wages.

33. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all time worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

34. Defendant's failure to pay other Scout Coordinators overtime wages at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

35. Defendant willfully violated the FLSA by refusing to pay Plaintiff and other Scout Coordinators overtime wages for all time they worked in excess of forty (40) hours per week.

36. Plaintiff and other similarly-situated persons are entitled to recover unpaid overtime wages for up to three years prior to the filing of this suit.

WHEREFORE, Plaintiff and similarly-situated persons pray for judgment against Defendant as follows:

A. An Order conditionally certifying this lawsuit as a collective action pursuant to 29 U.S.C. §216(b), and authorizing the issuance of Notice to similarly-situated persons employed by Defendant as Scout Coordinators in the three (3) years prior to the filing of this lawsuit;

B. A judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time Plaintiff worked in excess of forty (40) hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Minimum Wages
## (Class Action)

Plaintiff hereby realleges and incorporate paragraphs 1 through 36 of this Complaint.

37. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*., for its failure to pay Plaintiff and the class that he represents their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks.

38. Plaintiff Steven Myszka, and members of the class he seeks to represent, are current and former Scout Coordinators employed by Defendant.

39. The relevant time period of this class action lawsuit is from February 15, 2010, to the present.

40. Plaintiff and other Scout Coordinators employed by Defendant were compensated by Defendant in the same manner.

41. The number of Scout Coordinators paid in a similar manner to Plaintiff exceeds 100 persons over the prior three (3) years.

42. Defendant's failure to pay Plaintiff and other Scout Coordinators overtime pay for all time they worked in excess of forty (40) hours in individual work weeks violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

43. This Count is brought pursuant to Fed. R. Civ. P. 23 because other Scout Coordinators are similarly situated to Plaintiff and they are so numerous that joinder of all members is impracticable.

44. Plaintiff and other Scout Coordinators are equally affected by the overtime wage payment violations of Defendant, and the relief sought is for the benefit of the individual Plaintiff and the class that Plaintiff seeks to represent.

45. The issues involved in this lawsuit present common questions of law and fact.

46. The common questions of law and fact predominate over the variations which may exist between members of the classes, if any.

47. Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

48. The violation alleged by Plaintiff is the result of generally applicable policies or practices, and the common questions will predominate over any individual questions in this action.

49. Plaintiff believes and asserts that he is able to fairly and adequately represent and protect the interests of the class.

50. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

51. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

52. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

53. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the class pray for judgment against Defendant as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

D. An injunction precluding Defendant from violating the Illinois Minimum Wage Law; and

E. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all counts.

Dated: February 15, 2013

           Respectfully submitted,

           s/Douglas M. Werman
           One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
David E. Stevens (dstevens@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

# EXHIBIT A

## NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

By my signature below I represent to the Court that I have been employed by National Collegiate Scouting Association, or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq. I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: Steve Myszka (print your name)

Signature: _____

Date on which I signed this Notice: 01/30/2013 (today's date)