IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

STEVEN MYSZKA, etc.,            )
                                )
            Plaintiff,          )
                                )
     v.                         )    No. 13 C 1259
                                )
NATIONAL COLLEGIATE SCOUTING    )
ASSOCIATION, INC.,              )
                                )
            Defendant.          )

                       MEMORANDUM ORDER

    National Collegiate Scouting Association, Inc. ("Association") has filed its Answer and Affirmative Defenses ("ADs") to the action brought against it by Steven Myszka ("Myszka"), who seeks to invoke the federal Fair Labor Standards Act for a putative collective action and the Illinois Minimum Wage Law for a putative class action. This memorandum order is issued sua sponte because of a few problematic aspects of that responsive pleading.

    To begin with, Association's counsel have consistently linked the use of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) with the language "and, therefore, denies the same" (see Answer ¶¶11, 30, 33, 35, 37, 42, 49 and 50[1]). That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a

---

[1] If this Court's admittedly quick review of the Answer has missed any other instances where that locution was used, apologies are in order--but the order entered here striking that language will apply to any other instance as well.

belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)?  Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

As for Association's ADs, Rule 8(c) and the caselaw applying it call for a responding party to accept a complaint's allegations as true, while then explaining why defendant is assertedly not liable or perhaps is liable for less than plaintiff claims--see also App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).  But it does not advance the ball for the responding party to voice generalized ADs that do not provide the type of notice pleading that is incumbent on federal defendants as well as federal plaintiffs.  Accordingly this Court will treat Association's current ADs as having been waived unless they are sufficiently fleshed out to apprise both Myszka and this Court of the particularized basis for the present general assertions contained there.

                                                    _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:  April 11, 2013