UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MYSZKA, on behalf of himself and all others similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE SCOUTING ASSOCIATION, INC.<br><br>Defendant. | Magistrate Judge Cox<br><br>Case No. 13-cv-01259 |

## ORDER GRANTING FINAL APPROVAL

Plaintiff, Steven Myszka, having appeared before the Court on March 19, 2014, for a Hearing on Final Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the Hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1332(d)(2), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated December 10, 2013, (ECF No. 73), defined as follows:

> All persons who worked for Defendant in the job position of Scout Coordinator and/or Scout between February 15, 2010 and December 10, 2013. (herein the "Class" or "Settlement Class").

2. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and Rule 23(b)(3) for purposes of settlement of this action. Accordingly, the Court

finally certifies the Settlement Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Summary Notice") sent to the members of the Class by the Settlement Administrator via First Class Mail adequately informed the Class of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing regarding the approval of the Settlement Agreement. The Summary Notice also adequately informed Class Members of the toll-free telephone number and address for Simpluris, the Settlement Administrator, a website on which Class Members could obtain additional information, and the telephone number for Class Counsel. The Court finds that the Summary Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court finds that no Class Members requested exclusion from the Settlement Class.

5. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendant's defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $1,625,000.00, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties, and has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact

likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. The Settlement Administrator shall make a Settlement Payment to each member of the Settlement Class, in accordance with the calculations provided for in Section V.8 of the Settlement Agreement, and in the amounts provided in Exhibit D of the Affidavit of Danielle Behring.

7. The Court finds that Named Plaintiff Steven Myszka, in prosecuting the case on behalf of the Class, made a substantial contribution to its outcome, and is therefore deserving of a service award in recognition of his effort. A Service Award in the amount of $7,500.00 is therefore approved for Mr. Myszka. The Service Award shall be paid from the Settlement Fund.

8. The Court finds that FLSA Opt-In Plaintiffs Bryan Nickow and Kerri Olivar Mytych also contributed to a favorable outcome for Class Members, and are therefore deserving of a service award in recognition of their effort. A Service Award in the amount of $5,000.00 each is therefore approved for Opt-In Plaintiffs Nickow and Mytych, to be paid from the Settlement Fund.

9. Class Counsel are awarded one-third ($^1/_3$) of the Settlement Amount, or $541,666.67, in attorneys' fees. Class Counsel are further awarded $10,160.67 in recoverable litigation costs. The award of attorneys' fees and costs shall be paid from the Settlement Fund.

10. Plaintiff and Class Members shall have 180 days from the mailing of their settlement checks to cash the checks. The Settlement Administrator will issue checks which on their face are not valid more than 180 days after their date of issuance. As provided in Section V.18 of the Parties' Settlement Agreement, settlement checks that are not timely cashed will be

void. Any portion of the Settlement Fund that remains unclaimed after the 180 day check cashing period shall be distributed evenly between the two *cy pres* recipients, as set forth in Paragraph 11 of this Order.

11. The Settlement Administrator shall pay the amount of $4,790.44 to the 501(c)(3) charitable organization National Employment Law Project as a *cy pres* distribution. The Settlement Administrator shall also pay the amount of $4,790.44 to the 501(c)(3) charitable organization Athletes Against Drugs as a *cy pres* distribution.

12. The costs of the Settlement Administrator in the amount of $15,000.00 shall be paid from the Settlement Fund.

13. Defendant shall pay, separate and apart from the Settlement Fund, the employer's share of all applicable state and federal payroll taxes on the checks distributed to the Named Plaintiff, FLSA Opt-in Plaintiffs, and Class Members that represent payment for wages.

14. The Court approves the releases of claims as set forth in Paragraph 3 of the Parties' Joint Stipulation and Agreement to Settle Class Action Claims.

15. The Court grants final approval of the Settlement. This matter is dismissed with prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

16. The Clerk is directed to enter this final order and terminate the case.

ORDERED this 19 day of March, 2014 in Chicago, Illinois

_____
THE HONORABLE SUSAN E. COX
UNITED STATES MAGISTRATE JUDGE

4